**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1662
_____

JOHNSON OBIEGBU,
                              Appellant

v.

ROBERT WERLINGER, Warden, FCI Loretto; MS. PHILIPS, Captain;
MS. COHO, Lieutenant; S. ADAMS, Correctional Officer;
S. BURKE, Physician Assistant;
MR. DIGNAN, Correctional Officer; J. DAVENPORT, S.I.S. Lieutenant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3-13-cv-00002)
District Judge:  Honorable Kim R. Gibson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 2, 2014
Before:  CHAGARES, KRAUSE and SLOVITER, Circuit Judges

(Opinion filed: September 8, 2014 )

_____

OPINION
_____

1

PER CURIAM

Johnson Obiegbu, proceeding pro se, appeals from the District Court's order dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). For the reasons that follow, we will affirm in part and vacate and remand in part.

I.

Obiegbu, a federal prisoner, filed an action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), against various employees and administrators of FCI-Loretto in Loretto, Pennsylvania. In his complaint, Obiegbu alleged that he was sexually assaulted when, as part of a pat-down search, a correctional officer grabbed his genitals twice. He alleged that he received inadequate medical treatment for the injury resulting from the sexual assault. He also claimed that he was retaliated against for reporting the incident and that the retaliation resulted in the loss of his appellate rights. A Magistrate Judge recommended dismissing the complaint for failure to state a claim with respect to the sexual assault and the denial of medical treatment. The Magistrate Judge did not analyze the claims of retaliation or denial of access to the courts, and granted leave to amend only the claim regarding the sexual assault. Obiegbu objected to the Magistrate Judge's report and recommendation and contended that the complaint was adequate as it stood, but he did not file an amended complaint. The District Court disagreed with the objections and dismissed the complaint with prejudice. Obiegbu timely appealed.[1]

---

[1] We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291.

## II.

We exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Dismissal is appropriate where the pleader has not alleged "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted). This inquiry has three parts: "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011). "[A]n unadorned, the-defendant-unlawfully-harmed-me accusation" is not sufficient for a complaint to state a claim. Iqbal, 556 U.S. at 678.

Upon review, we conclude that the District Court correctly dismissed Obiegbu's sexual assault claim. While it is possible for sexual abuse of a prisoner to violate the Eighth Amendment, see Boddie v. Schnieder, 105 F.3d 857, 861 (2d Cir. 1997), a small number of incidents in which a prisoner is verbally harassed, touched, and pressed against without his consent do not amount to such a violation. Id. Rather, "isolated episodes of harassment and touching . . . are despicable and, if true, they may potentially be the basis of state tort actions. But they do not involve a harm of federal constitutional proportions as defined by the Supreme Court." Id. Here, Obiegbu challenged a single pat-down frisk in which a correctional officer grabbed Obiegbu's genitals through his clothing two times. This event was, at most, an isolated episode of harassment and

3

touching, and did not violate Obiegbu's Eighth Amendment rights. We therefore agree with the District Court's dismissal of this claim.

We also agree with the District Court's dismissal of Obiegbu's claim regarding the medical treatment he received following the pat-down incident. In this context, the relevant inquiry is whether the defendant was deliberately indifferent to the plaintiff's serious medical need. See Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." United States ex rel. Walker v. Fayette Cnty., 599 F.2d 573, 575 n.2 (3d Cir. 1979) (internal quotation marks omitted). Here, Obiegbu claimed that he experienced swollen genitals as a result of the alleged assault, but admitted in his complaint that he was seen and examined on January 28, 2011, by the prison's medical and psychological staff, who found that any injury he might have suffered had dissipated by this time. This admission demonstrates that Obiegbu did receive some amount of medical attention, and that he is merely disagreeing with its adequacy. Accordingly, this claim was properly dismissed without leave to amend.

Upon review, we find that Obiegbu did successfully state a claim for retaliation. The Magistrate Judge did not analyze this claim in his report and recommendation, and the District Court did not reference the claim in its order dismissing the complaint. A plaintiff in a retaliation case must prove that: (1) he engaged in constitutionally protected

4

conduct, (2) he then suffered some adverse action caused by prison officials; and (3) a causal link existed between the protected conduct and the adverse action. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (internal quotation marks omitted). The requisite causal connection can be demonstrated by "(1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007). Obiegbu asserted that he filed an administrative complaint regarding the sexual assault on January 14, 2011. Two weeks later, he was placed in the Special Housing Unit ("SHU") pending an investigation into his alleged involvement in a plot to attack several prison employees. He was later cleared of any involvement. Around the same time, the defendants allegedly denied him access to legal material and disrupted the processing of his grievance procedure.[2] A transfer to administrative custody is a sufficiently adverse action, as is the confiscation of Obiegbu's legal material. See Allah, 229 F.3d at 225-26. In light of the close temporal proximity between Obiegbu's filing of a grievance and the actions taken against him, we find that Obiegbu has stated a claim for retaliation.

---

[2] The appellees urge this Court to affirm dismissal on the basis of Obiegbu's failure to exhaust. While inmates are required to exhaust all available administrative remedies before filing a lawsuit, see 42 U.S.C. § 1997e(a), such remedies will be considered unavailable if the actions of prison officials directly caused the failure to exhaust. See Camp v. Brennan, 219 F.3d 279, 280-81 (3d Cir. 2000). Because Obiegbu alleged that the appellees interfered with his access to the grievance procedure as part of their retaliatory conduct, we elect not to find that, as a matter of law, Obiegbu has failed to satisfy the exhaustion requirement. This is a factual matter that is more appropriately decided by the District Court upon remand.

5

Finally, we find that Obiegbu did not state a claim for denial of his right of access to the courts, but that the District Court erred by not analyzing this claim and therefore not permitting it to be amended. Dismissal of a pro se plaintiff's complaint without leave to amend is proper under 28 U.S.C. § 1915(e)(2)(B) only when amendment of the complaint would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). A prisoner making an access-to-the-courts claim is required to show that the denial of access caused actual injury. Lewis v. Casey, 518 U.S. 343, 349-50 (1996). Actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. Christopher v. Harbury, 536 U.S. 403, 415 (2002). Obiegbu specified only that the defendants deliberately interfered with his right to appeal the Fifth Circuit's determination regarding his sentence by placing him in the SHU and subsequently transferring him to another correctional institution. He did not give specifics regarding the type of proceeding or the claims made therein, describing it only as "ongoing criminal appeals." If leave to amend had been granted, Obiegbu might have been able to describe adequately an actual injury and therefore state a viable claim for the denial of access to the courts.

III.

For the foregoing reasons, we will affirm in part, vacate in part, and remand for further proceedings consistent with this opinion.[3]

---

[3] Upon consideration of the factors set forth in Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993), Obiegbu's motion for appointment of counsel is denied. Although Obiegbu has satisfied the threshold requirement of showing that his appeal has arguable merit, the remaining Tabron factors do not warrant appointing counsel.